UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TREVON SCOTT BARCUS, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 3:23-cv-302 |
| v. | ) | Judge Travis R. McDonough |
| DR. KEEBLE, MELISSA FEDERICI, and TOM SPANGLER, | ) | Magistrate Judge Jill E. McCook |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Trevon Scott Barcus, a prisoner housed in the Knox County Detention Facility, is proceeding pro se in a civil rights action under 42 U.S.C. § 1983 (Doc. 2). Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons articulated below, the Court finds that Plaintiff's motion (*id.*) should be denied, and this action should be dismissed without prejudice to Plaintiff's ability to pay the filing fee and reinstate this case.

I.     "THREE STRIKES" UNDER 28 U.S.C. § 1915

The resolution of Plaintiff's motion to proceed *in forma pauperis* is guided by the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has had at least three cases dismissed under § 1915(g). *See Barcus v. Tenn. Bureau of Investigations*, 3:20-cv-117 (E.D. Tenn.) (Docs. 9, 16) (dismissed for failure to state a claim); *Barcus v. Tenn. Dep't of Corr.*, 3:20-cv-115 (E.D. Tenn.) (Docs. 8, 9) (same); *Barcus v. Bates*, 6:21-cv-100 (E.D. Ky.) (Docs. 7, 8) (same). Accordingly, the Court finds that Plaintiff has abused his *in forma pauperis* privileges. Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER

The three strikes provision of the PLRA has an exception that allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where a court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed his complaint. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted). But it is intended "as an escape hatch for genuine emergencies only." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Therefore, the threat must also be "real and proximate" at the time the complaint was filed, *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008), and the danger cannot be created by the prisoner himself, *see, e.g.*, *Muhammad v. McDonough*, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006) ("[I]t is clear that a prisoner cannot create the imminent danger so as to escape

2

the three strikes provision of the PLRA.").

Plaintiff alleges that prior to his extradition from the Federal Correction Institute, he was placed on the MAT (Medically Assisted Treatment) program for his severe opiate use disorder, but that the Knox County Detention Facility has denied him the medication he was previously prescribed to treat his cravings. (Doc. 2, at 4, 19.) As a result, Plaintiff maintains, he has relapsed on heroin twice while at the Knox County Detention Facility. (*Id*. at 5.) But Defendants' denial of a particular medication Plaintiff believes to reduce his drug cravings is not a "real and proximate" threat of an imminent danger of serious physical injury to Plaintiff. Instead, the threat described by Plaintiff is his speculation that he will affirmatively act to create danger—i.e., continue to ingest illegal drugs. And the PLRA's exception cannot be invoked by prisoner-created danger, lest the exception "eviscerate the rule." *Muhammad*, 2006 WL 160128, at *1 (noting that holding otherwise would allow prisoners to avoid exception "by threatening to commit suicide or by threatening to kill someone else").

Moreover, medical professionals at the Knox County Detention Facility are not constitutionally required to continue another physician's course of treatment when their own medical judgment counsels against it. *Lloyd v. Moats*, 721 F. App'x 490, 495 (7th Cir. 2017) ("[A] prison physician's decision to reject another doctor's treatment recommendation in favor of his [or her] own 'does not amount to deliberate indifference where both recommendations are made by qualified medical professionals' and the prison doctor's decision [wa]s made for a medical reason.") (citing *Shields v. Ill. Dep't of Corr*., 746 F.3d 782, 797 (7th Cir. 2014)). And Plaintiff does not advise the Court of what substance abuse treatment is available at the Knox County Detention Facility, nor does he disclose exactly what he was told (and by whom) when he requested to be prescribed a particular medication. And it is well settled that prisoners have

3

no right to dictate the course of their medical care. *See, e.g., United States ex rel. Hyde v. McGinnis*, 429 F.2d 864, 867–68 (2d Cir. 1970) ("The prisoner's right is to medical care—not the type or scope of medical care which he personally desires."). Therefore, under the circumstances presented, the Court declines to find that Plaintiff is entitled to the emergency intervention envisioned by the three-strikes exception to the PLRA.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Additionally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**